THE HONORABLE JOHN C. COUGHENOUR

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| MAXWELL KINSLEY,<br><br>    Plaintiff,<br>    v.<br><br>MIKE DOE, *et al.*,<br><br>    Defendants. | CASE NO. C24-1821-JCC<br><br>MINUTE ORDER |

The following Minute Order is made by direction of the Court, the Honorable John C. Coughenour, United States District Judge:

The Court must dismiss a complaint if it appears that it has no jurisdiction to proceed. Fed. R. Civ. P. 12(h)(3). A review of Plaintiff's recently filed complaint (Dkt. No. 5) reveals inadequate allegations to support this Court's jurisdiction. As a threshold matter in any suit brought in federal court, Plaintiff must identify the basis for the Court's subject matter jurisdiction.[1] In the complaint, Plaintiff indicates that he presents a federal question based on an alleged federal civil rights violation. (*See id.* at 3.) Federal question jurisdiction exists when a

---

[1] Federal courts generally possess two types of subject matter jurisdiction—federal question jurisdiction and diversity of citizenship jurisdiction. *See* 28 U.S.C. §§ 1331, 1332.

MINUTE ORDER
C24-1821-JCC
PAGE - 1

plaintiff's claim arises "under the Constitution, law, or treaties of the United States." 28 U.S.C. § 1331.[2] Assuming Plaintiff's intent is to allege violations of the Constitution, they are insufficiently pled. "A threshold requirement of any constitutional claim is the presence of state action." *Roberts v. AT&T Mobility LLC*, 877 F.3d 833, 837 (9th Cir. 2017) (quotations and citation omitted). And here, no named Defendant is a state actor. (*Id.* at 2.) Thus, to the extent Plaintiff seeks to allege a civil rights violation, the complaint is deficient.

Based on the above, Plaintiff is ORDERED to show cause why this Court has subject matter jurisdiction. Plaintiff may do so by filing an amended complaint within thirty (30) days of the issuance of this order establishing the basis of this Court's jurisdiction. If no amendment is made, the Court will dismiss the complaint (Dkt. No. 5) for lack of subject matter jurisdiction. If, in the amended complaint, Plaintiff fails to state sufficient facts to support a cognizable legal theory (in addition to the basis of this Court's jurisdiction), the complaint will be dismissed for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2).

The Clerk is DIRECTED to mail a copy of this order to Plaintiff.

DATED this 12th day of November 2024.

Ravi Subramanian
Clerk of Court

s/Kathleen Albert
Deputy Clerk

---

[2] Diversity of citizenship jurisdiction exists where the amount at issue is more than $75,000 and no plaintiff and defendant are citizens of the same state. *See* 28 U.S.C. § 1332.

MINUTE ORDER
C24-1821-JCC
PAGE - 2