THE HONORABLE JOHN C. COUGHENOUR

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| MAXWELL KINSLEY,<br><br>    Plaintiff,<br><br>    v.<br><br>MIKE DOE, *et al.*,<br><br>    Defendants. | CASE NO. C24-1821-JCC<br><br>ORDER |

This matter comes before the Court on Plaintiff's amended complaint (Dkt. No. 7), which Plaintiff filed in response to an order to show cause (Dkt. No. 6). In that order, the Court described the pleading infirmities contained in Plaintiff's complaint, including inadequate allegations to support this Court's jurisdiction and a failure to identify any state action for purposes of Plaintiff's constitutional claims. (*See id.* at 1–2.) The order further indicated that, if Plaintiff could not cure those infirmities, the Court would dismiss the case. (*Id.* at 2.)

The Court has reviewed Plaintiff's amended complaint (Dkt. No. 7). Even applying the Ninth Circuit's directive to construe *pro se* complaints liberally, the Court cannot find that Plaintiff has established this Court's subject matter jurisdiction. *See Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010). Although Plaintiff indicates "federal question" as the basis for this Court's subject matter jurisdiction, (*see* Dkt. No. 7 at 3), he fails to identify any state action for purposes of his federal claim under 42 U.S.C. § 1983. *See Roberts v. AT&T Mobility LLC*, 877

ORDER
C24-1821-JCC
PAGE - 1

F.3d 833, 837 (9th Cir. 2017) ("A threshold requirement of any constitutional claim is the presence of state action."). Instead, all named defendants are private actors, (*see generally* Dkt. No. 7), who cannot implicate claims brought pursuant to 42 U.S.C. § 1983.

For these reasons, Plaintiff's complaint is DISMISSED without prejudice pursuant to 28 U.S.C. § 1915(e)(2),

DATED this 17th day of December 2024.

John C. Coughenour
UNITED STATES DISTRICT JUDGE